IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00003-KDB-DCK

| | |
|---|---|
| FELICIA MORGAN, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH ELLIS AND JENSEN TILSON, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court on the Defendants Joseph Ellis and Jensen Tilson's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 55). The Court has carefully considered the Motion, the parties' briefs and exhibits, and other relevant pleadings of record. For the reasons discussed below, the Court finds that the statute of limitations has run on the claims asserted against these Defendants and that the provision for the "relation back" of amendments under Federal Rule of Civil Procedure 15(c) does not apply. Therefore, the Defendants' Motion will be **GRANTED**.

I.     LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). Dismissal under Rule 12(b)(6) is appropriate "only when the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory."

1

*Darling v. Falls*, 236 F. Supp. 3d 914, 920 (M.D.N.C. 2017). A statute of limitations affirmative defense may be properly raised under Rule 12(b)(6) if "the time bar is apparent on the face of the complaint." *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005) (citation omitted); *Goodman v. Praxair*, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (holding that under Rule 12(b)(6) dismissal on statute of limitations grounds may result in the "relatively rare circumstances" when "all facts necessary to the affirmative defense clearly appear on the *face of the complaint*") (emphasis in original) (internal quotations and punctuation omitted).

## II. FACTS AND PROCEDURAL HISTORY

This matter arises out of a December 1, 2018, incident involving Bobby Morgan and members of the Charlotte-Mecklenburg Police Department (CMPD) at his residence. *See* Doc. No. 34. At about 8:26 am, Bobby Morgan — who had allegedly been diagnosed with schizoaffective disorder and bipolar disorder — called 911 alleging that two of his neighbors were harassing him. *Id*. CMPD Officers Joseph Ellis and Jenson Tilson responded to the call. Officer Tilson had a history of interactions with Morgan and was aware that he suffered from mental illnesses and often carried a non-lethal weapon. *Id*. These prior incidents all ended without conflict. *Id*.

Upon arriving at the scene, Officer Ellis attempted to grab Morgan, but Morgan became fearful and retreated into his residence. Officer Ellis then heard a single gunshot coming from the general direction of the residence. As a result, he placed a dispatch call of "shots fired" for additional units for an "Officer Involved Shooting." *Id*. The Special Weapons and Tactics Team (SWAT) was requested and dispatched to the scene. Within minutes, the residence was surrounded by armed officers. Morgan's mother, Felicia Morgan, then arrived on scene. Officer Ellis saw her approaching and assisted in preventing her from entering the home despite her repeated efforts. *Id*. Ms. Morgan attempted to explain that her son had mental health issues and that he was not a danger

to anyone. Officer Ellis ordered Ms. Morgan to be tased as a form of restraint so she would not enter the residence (although there is no allegation that Ms. Morgan was in fact tased). Ultimately, Bobby Morgan was shot at least three times by officers other than Ellis and Tilson.

Plaintiff filed suit in Mecklenburg County Civil Superior Court on November 30, 2021. The matter was subsequently removed to this Court on January 3, 2022. *See* Doc. No. 1-2. Exactly one year later, Plaintiff amended her Complaint within the (extended) time set by the Court in the pretrial order, adding Joseph Ellis and Jensen Tilson as defendants. *See* Doc. No. 34. In the Amended Complaint, Plaintiff has asserted claims against Defendants Ellis and Tilson for the same causes of action asserted against the original defendants: (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) negligence/gross negligence; (4) deliberate indifference under 42 U.S.C. § 1983; and (5) malicious prosecution. *See* Doc. No. 34. Defendants Ellis and Tilson have now moved to dismiss the claims against them arguing that: (1) the statute of limitations has run on the claims alleged against these Defendants and there is no relation back; and (2) Plaintiff has not alleged sufficient facts to support the claims brought against these Defendants. *See* Doc. No. 55.

### III. DISCUSSION

There is no dispute over the dates relevant to this case. The three-year[1] statute of limitations on Plaintiff's claims (with the exception of her claim for malicious prosecution) expired on December 1, 2021, one day after Plaintiff filed her original complaint and thirteen months before she amended her complaint to add Ellis and Tilson as defendants. So, the preliminary question in

---

[1] The statute of limitations for all claims asserted against these defendants is three-years. *See Ferro v. Vol Vo Penta of the Americas, LLC*, No. 5:17-CV-194-BO, 2017 WL 3710071, at *4 (E.D.N.C. Aug. 28, 2017); *Brooks v. City of Winston-Salem*, N.C., 85 F.3d 178, 181 (4th Cir. 1996); N.C. Gen.Stat. § 1–52.

3

this case is whether Plaintiff can avoid the statute of limitations by arguing that the amended complaint is timely because it "relates back" to the date of the original complaint.

When proposed claims in an amendment are barred by the statute of limitations, Federal Rule of Civil Procedure 15(c) provides for the relation back of amendments to the original pleading under certain circumstances. *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). If "the amendment changes the party or the naming of the party against whom a claim is asserted" the amendment relates back to the date of the original complaint if: (1) the amendment arises out of the same "conduct, transaction, or occurrence set forth . . . in the original pleading;" (2) the new party received adequate notice of the lawsuit within the 90-day period provided by Rule 4(m) so as to not be "prejudiced in maintaining a defense on the merits;" and (3) the new party knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. P. 15(c)(1)(C); *see also Goodman v. PraxAir, Inc.*, 494 F.3d 458, 470 (4th Cir. 2007) (laying out the elements of the rule).

The heart of the Rule 15(c)(1)(C) inquiry is "whether the plaintiff made a mistake in failing to name a party, in naming the wrong party, or in misnaming the party in order to prosecute his claim as originally alleged." *Goodman*, 494 F.3d at 471. However, when a Plaintiff makes "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties" it is not a "mistake." *See Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 372 (4th Cir. 2014) (citing *Krupski v. Costa Crociere S. p. A*., 560 U.S. 538, 549, 130 S. Ct. 2485, 177 L. Ed. 2d 48 (2010)); *Hesed-El v. Doe*, No. 1:19-cv-00285-MR-WCM, 2021 U.S. Dist. LEXIS 137139, at *7 (W.D.N.C. July 22, 2021); *see also* Wright & Miller, § 1498.3 Relation Back of Amendments Changing Parties—The Knowledge-of-Mistake Requirement, 6A Fed. Prac. & Proc. Civ. § 1498.3 (3d ed.) ("Indeed, tactical decisions by plaintiffs as to whom to

4

sue do not constitute mistakes at all for purposes of the rule."). This is because a deliberate choice "is the antithesis of making a mistake concerning the proper party's identity." *Krupski,* 560 U.S. at 549.

The record before the Court leads to the inescapable conclusion that Plaintiff did not make a "mistake" in choosing to not sue Ellis and Tilson. At the time Plaintiff filed her initial complaint, she had all the necessary factual information to sue Ellis and Tilson. In fact, Ellis and Tilson were referenced by name numerous times in the initial Complaint. *See* Doc. No. 1-1. Yet, she chose not to name them as defendants. Instead, she named the City of Charlotte, Mecklenburg County, and three other officers who were present at the incident. *Id*. Thus, Plaintiff clearly understood the legal differences between the city and officers and her ability to name individual officers as defendants. Moreover, the only new factual allegation in the amended complaint related to these defendants is that Ellis allegedly ordered Felicia Morgan to be tased as a form of restraint. *See* Doc. No 34 ¶ 68.[2] Plaintiff has not asserted any new or unique claims against Ellis and Tilson, but rather simply added them as potentially liable defendants to claims already pled in the initial Complaint. In sum, Plaintiff understood the factual and legal differences between Tilson and Ellis and the other defendants and deliberately chose not to sue them in her initial Complaint. Accordingly, Plaintiff's claims against Ellis and Tilson do not relate back to her earlier pleading and are therefore untimely.

The Plaintiff's reliance on *McGraw v. Gore*, 31 F.4th 844 (4th Cir. 2022) is unsound. In *McGraw*, a *pro se* prisoner filed his initial complaint in April 2019 and sought to proceed *in forma pauperis*. 31 F.4th at 847. On April 30, the district court instructed the plaintiff to file a corrected complaint because he failed to sign the original. *Id*. He did so. The district court then screened the

---

[2] Again, the amended complaint does not allege that Felicia Morgan was actually tased. *See* Doc. No. 34.

complaint for substantive deficiencies and directed the plaintiff "to file a particularized complaint naming individual defendants[.]" *Id*. He timely filed an amended complaint in October naming Nancy Wargas as a defendant. *Id*. In November, the district court completed screening of the amended complaint and found that the claims "were not clearly frivolous." *Id*., at 847-48 (internal quotation marks omitted). It "allowed the lawsuit to proceed and authorized service of process" by the U.S. Marshals Service. *Id*., at 848. The Fourth Circuit held that this authorization "triggered the service period of Rule 4(m)[.]" *Id*. (citation omitted). The defendant was served within 90 days and the Fourth Circuit held that this satisfied Rule 15(c)(1)(C)'s notice requirement. *Id*., at 848, 850-51.

In this case, the Defendants were properly served within 90 days as required under Rule 15(c)(1)(C)'s notice requirement. That is not disputed. Rather, the issue is whether the Plaintiff made a deliberate choice in not initially suing Ellis and Tilson. In *McGraw*, the *pro se* prisoner plaintiff did not understand the legal difference between the state agency and the individual defendants and therefore did not make a deliberate choice to exclude the individual defendants. Conversely, here the Plaintiff was represented by counsel and her initial complaint clearly shows that she knew and understood the factual and legal differences between Tilson and Ellis and the other defendants. As a result, *McGraw* is distinguishable and thus inapt.

Having concluded the amended complaint does not relate back to the original complaint, Plaintiff's only remaining claim against Ellis and Tilson is for malicious prosecution. To establish a claim for malicious prosecution, a plaintiff must show that the defendant (1) initiated or participated in the earlier proceeding, (2) did so maliciously, (3) without probable cause, and (4) the earlier proceeding ended in favor of the plaintiff. *Turner v. Thomas*, 369 N.C. 419 (2016). The Defendants contend that they are entitled to dismissal of this claim because Plaintiff has not alleged

6

that they maliciously initiated or participated in the earlier proceeding. *See* Doc. No. 55-1. In her Response, Plaintiff does not address or otherwise defend the validity of her malicious prosecution claim. *See* Doc. No. 65-1 ("[e]ach of Plaintiff's causes of action, with the sole exception of the malicious prosecution claim, against Ellis and Tilson is supported by the factual allegations in the original Complaint."). This failure to address the malicious prosecution claim constitutes abandonment. *See Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 783 (D.Md. 2010) (finding a plaintiff's failure to address arguments in a defendant's motion to dismiss a particular claim constitutes an abandonment of the claim). Moreover, Plaintiff's claim for malicious prosecution merely asserts legal conclusions devoid of any factual support. This is insufficient to survive a motion to dismiss. *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

**IT IS THEREFORE ORDERED THAT** Defendants Joseph Ellis and Jensen Tilson's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), (Doc. No. 55), is **GRANTED.** The Court will also **DENY** Defendants Joseph Ellis and Jensen Tilson's Motion for Summary Judgment, (Doc. No. 62), as moot.

**SO ORDERED**

Signed: May 9, 2023

Kenneth D. Bell
United States District Judge